UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

SHEILA ROBINSON,

                              Plaintiff,

          -against-

FJC SECURITY,

                              Defendant.

-----------------------------------------------------------------X

<u>NOT FOR PUBLICATION</u>

**MEMORANDUM
AND ORDER**

12-CV-5870 (KAM)

MATSUMOTO, United States District Judge:

*Pro se* plaintiff Sheila Robinson filed the above-captioned complaint on November 20, 2012. Plaintiff's request to proceed *in forma pauperis* is granted for the limited purpose of this Order, but, for the reasons set forth below, the action is dismissed.

### BACKGROUND

The one-page, handwritten complaint alleges that plaintiff has been harassed by FJC Security guards at "the Tillary Street location where I live." Plaintiff alleges that the guards have approached her, said to her "do something," bumped into her, put their hands up to her face, and told her to move. She further alleges that she complained to the security company about these actions but that her complaints were ignored.

The complaint seeks $50 million in compensation.

### DISCUSSION

A district court shall dismiss an *in forma pauperis* action where the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the

complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

As plaintiff is proceeding *pro se,* her complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the court is obliged to construe her pleadings liberally and to interpret them as raising the strongest arguments they suggest, Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

Nonetheless, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See Rene v. Citibank NA, 32 F. Supp. 2d 539, 542-44 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised . . . by the court *sua sponte.* If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000); see also Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." State of New York v. White, 528 F.2d 336, 338 (2d Cir. 1975).

Plaintiff has not proposed any basis for this court's subject matter jurisdiction over her claims. Her allegations do not allege the violation of any federal law or constitutional right, nor do they suggest any othe basis for federal question jurisdiction. It appears that both plaintiff and

defendant reside in New York, so there is no basis for diversity jurisdiction.

Plaintiff cannot assert a civil rights violation, because a claim for violations of constitutional rights under 42 U.S.C. § 1983 ("§ 1983") must allege that the person was deprived of "rights, privileges or immunities secured by the Constitution or laws of the United States" and that the deprivation was caused "by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citations omitted). In this case, plaintiff alleges that she was harassed by individual guards employed with FJC Security, a private security company. Neither the organization nor its employees are "state actors."

As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted). The activities of private security guards constitute state action only in very limited circumstances: where the private guards are given the authority of state law, or when the private guards are willful participants in some joint activity of the State or its agents. See Prowisor v. Bon-Ton, Inc., 426 F. Supp. 2d 165, 170 (S.D.N.Y. 2006), aff'd, 232 Fed. Appx. 26, 2007 WL 1233595 (2d Cir. April 27, 2007); Guiducci v. Kohl's Dep't Stores, 320 F. Supp. 2d 35, 37 (E.D.N.Y. 2004) (collecting cases). Plaintiff has not alleged that the guards or the security company were acting under the authority of state law, nor has she alleged any joint activity between the private security forces and state officials that might convert the private guards' activities into state action for the purpose of § 1983. As plaintiff has failed to state a claim under § 1983 or any other provision of federal law, this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the reasons set forth above, the complaint is dismissed for lack of subject matter

jurisdiction and for failure to state a claim. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully requested to serve a copy of this Memorandum and Order on plaintiff and note service on the docket by December 12, 2012, and close this case.

**SO ORDERED.**

/S/ Judge Kiyo A.

KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
      December 11, 2012